## Bellows *vs.* Stone & a.

After the filing of a general replication to a plea in chancery, nothing is in controversy but the truth of the matters alleged in the pleadings, and it is then too late to except to the sufficiency of the plea.

If the defendant's pleading does not contain a full answer to the matters alleged in the bill, the course is to except to its sufficiency, and not to reply.

Where circumstances are stated in the bill, which if admitted to be true would be evidence to avoid the bar attempted to be set up by the plea, it is necessary to negative such circumstances by general averments in the plea, and to support the plea by an answer containing a particular denial of them.

IN CHANCERY.    The bill set forth, that prior to September 9, 1823, the partnership of Stone & Bellows, consisting of David Stone, and Josiah Bellows, 3d, had became liable as indorsers for the plaintiff, Josiah Bellows, 2d, and to relieve himself, he procured them to raise for him $2900 at the Cheshire Bank, and to execute their note to the bank for that sum, and that to secure and indemnify them he procured to be made to them a certain certificate, or evidence of debt, against the firm of Thomas Carlisle & Co., amounting to $5300, which was given on account of a debt due from Carlisle & Co. to the plaintiff—that he procured Thomas Bellows to sign the note to the bank as surety, and to indemnify him mortgaged to him a certain farm in Lancaster, with a condition that the plaintiff should pay him, or cause to be paid, said certificate made to Stone & Bellows—that afterwards said Stone & Bellows received upon said certificate, and from the plaintiff, sundry sums, amounting to $2600, and that he was ready, and offers, to pay all sums of money due them, upon the amount being ascertained, and insisted that, upon payment, he was entitled to hold said farm discharged from said mortgage, and to a return of said certificate, or that the defendants should account therefor.

The bill then stated, that said Stone & Bellows had caused a real action to be brought against the plaintiff, in

the name of said Thomas Bellows, upon said mortgage— that at May term, 1832, it became necessary to ascertain the amount due to Stone & Bellows, so that judgment should be rendered as of mortgage—that it was agreed by the counsel for the parties that a nominal judgment should be entered for $5000—and that the subject should be referred to an auditor, to ascertain the sum justly due, and that the judgment should be reduced to that sum ; but by mistake or accident the agreement was entered as follows, viz.

"The parties appear," &c. "and agree that the conditional 'judgment be rendered as of mortgage, in favor of the 'plaintiffs, for the sum of $5000,—and the subject of the 'claims between Bellows & Stone and the plaintiff on the 'one side, and the defendant on the other side, is to be 'referred to George B. Upham, Esq., as an auditor, and any 'sum which he may find due on the adjustment of such 'claims, in favor of the defendant, shall be deducted from ' said sum of $5000, or be indorsed on the same."

The bill further stated, that the parties appeared before the auditor, January 9, 1834, to have the balance ascertained, but the counsel for said Stone & Bellows objected to going into any proof to affect said judgment, or that the certificate was originally the property of this plaintiff, and delivered to them as collateral security ; and the auditor was of opinion that he was authorized to allow only such legal or equitable claims as this plaintiff should prove, and deduct the same from the judgment, and consequently no adjustment was made by said auditor.

It further stated, that after the rendition of the judgment, and about April, 1833, at the solicitation of Stone & Bellows, and believing that the claims between them and this plaintiff would be fairly adjusted by the auditor, he executed to them, or said Thomas Bellows, a writing, as near as he could recollect, that the equity of redemption should be foreclosed on the first of April then next, if the sum found

COOS.

due on said adjustment should not be paid on or before that day, and that he would immediately surrender up the possession.

It then stated that the plaintiff had frequently called on Stone & Bellows for an account of the avails of said certificate, and of the amount of their payments in respect thereof, and offered to come to a full adjustment of all the said concerns.

The bill then charged, that Stone & Bellows had never rendered any account, but refused—that they, with said Thomas Bellows, were setting up said judgment for the nominal sum of $5000, as a judgment on a just debt, and pretended that the whole ought to be paid ; whereas it was only to stand as security—that they pretended that the equity of redemption was foreclosed, and threatened to take out a writ of seizen, and hold the same discharged from all right of redemption ; whereas the sum due had never been ascertained, and in consequence the plaintiff had never had it in his power to redeem—that they sometimes pretended that the certificate of $5300 was given for a debt due from the firm of Carlisle & Co. to Stone & Bellows, and not for a debt due to the plaintiff, and procured and delivered by him to them as collateral security, &c., whereas the contrary was true, &c.

It then prayed that an account might be taken, and that, upon payment of what was due, the plaintiff might be permitted to redeem ; and that Stone & Bellows should return the certificate, or account for the same ; and that in the mean time the defendants should be restrained from taking possession.

The defendants, protesting that the matters stated in said bill were not true, for plea said, that on the 28th of April, 1831, the monies mentioned in the condition of said mortgage being due and unpaid, said Thomas Bellows, in order to ascertain the amount, and foreclose the right in equity,

commenced a writ of entry, returnable May term, 1831; and that at May term, 1832, a conditional judgment as of mortgage was entered, by agreement of parties, for $5000 damages, and $11 43 costs, the said sum of $5000 being the sum then due and secured by said mortgage, according to equity and good conscience; which judgment was duly entered and recorded, according to law, which is the same judgment, &c.—And although true it was, that the parties did agree that the subject matter of the claim between Bellows & Stone and the plaintiff, should be referred to an auditor, as alleged in the bill, which said further agreement was made at the same time with the agreement for judgment; yet the defendants wholly denied that the judgment was a nominal judgment, or that the entry thereof, or of said agreement, was made by mistake or accident; or that the plaintiff ever availed himself of said agreement in any manner whatever, although he was at liberty so to do, for the purpose of reducing the judgment, according to the tenor of it; but on the contrary thereof, the plea averred, that the judgment was in full force, and had become absolute and conclusive upon all parties.

The plea then set forth, that on the first of April, 1833, said Thomas Bellows, with the consent of the plaintiff, took peaceable possession of the premises, for condition broken, and that the plaintiff then executed a writing, which was set forth at large in the plea, reciting that said Thomas had recovered a conditional judgment on his mortgage, and had entered for condition broken, and purporting to contain a demise of the farm, from said Thomas Bellows to the plaintiff, for the term of one year from said first of April, 1833, unless sooner redeemed by payment of the judgment and interest, and containing the covenants of the plaintiff to carry on the farm, &c., pay $300 rent, and peaceably deliver up the possession at the expiration of the year.

The plea then alleged, that said Thomas Bellows remained in peaceable continued actual possession a year, whereby all

right in the plaintiff to redeem was foreclosed, and therefore the defendants pleaded the said judgment, and said entry and continued and peaceable actual possession, in bar of the plaintiff's bill.

The plaintiff filed a general replication, traversing the truth of the matters alleged in the plea.

*Smith*, for the plaintiff, objected that the plea was insufficient as a bar to the bill, because it was not accompanied with the oath of the defendants. *Mitford's Pl.* 239; *Blake's Ch. Pr.* 113.

*Bell*, for the defendant. Pleas in bar, of matters as of record in the court itself, or some other court of equity, may be—

1. A decree, or order of court, by which the rights of the parties are already determined. *Cooper's Eq.* 268; 1 *Peere Wms.* 352; 3 *Atk. Rep.* 606.

This is the state of the case before the court.

2. If there is a charge of fraud, or other circumstance, shown as a ground of relief, the judgment, or sentence cannot be pleaded, unless the fraud, or other circumstance, the ground upon which the judgment is sought to be impeached, be denied, and thus put in issue by the plea, and the plea supported by a full answer to the charge in the bill. *Cooper's Eq.* 266; *Redes. Eq.* 205; 6 *Ves.* 596.

In this case the mistake is fully denied in the plea. This puts the matter on trial.

But there is no answer to support the plea!

This exception cannot now be taken. The plaintiff has filed his replication to the plea.

After the plaintiff has replied to the defendant's plea, or answer, he must content himself with the answer, and he cannot go back to except for insufficiency, he having admitted the answer to be sufficient, however imperfect it may be.

*Cooper's Eq.* 328 ; *Wyatt's Prac. Reg.* 374 ; *Blake's Prac.* 123 ; *Redes. Eq.* 240.

This doctrine applies to any answer, whether by way of plea, or answer in form. If the plea is insufficient the plaintiff should not reply, but except to it. A replication admits all but its truth. *Redes. Eq.* 239—241.

PARKER, J. The questions presented for consideration at this time, relate solely to the form and effect of the pleadings.

The defendants contend, that the plaintiff having filed a general replication to their plea, nothing is now in controversy but the truth of the matters alleged in the plea, and that it is too late for the plaintiff to except to the sufficiency of the plea ; and the authorities seem to us fully to sustain this position. *Cooper's Eq. Pl.* 328 ; *Barton's Eq.* 143, note ; *Blake's Ch. Practice* 123 ; 2 *Eq. Cas. Abr.* 70, *Parker* vs. *Blythmore ; ditto* 74 ; 3 *P. Wms.* 95, *Harris* vs. *Ingledew.* It is like demurring after joining an issue of fact, at law. If the pleading does not contain a full answer to the matters charged in the bill, the course is to set it down to be argued, or to except to its sufficiency, and not to reply. As the case stands, therefore, the exception of the plaintiff to the plea must be overruled.

But as the plaintiff may, by leave, withdraw his replication, and then raise the question whether the plea is sufficient, we have considered this matter ; and are of opinion that the defendant's pleading is insufficient, because the plea does not contain a full answer to the matters set forth in the bill, and because there is no answer in support of the plea.

The plaintiff alleges, in substance, that Stone and Bellows, at his request, gave their note for a loan, for the plaintiff, of $2900, and to secure them he procured to be made to them a certificate, entitling them to receive from the effects of Thomas Carlisle & Co. the sum of $5300—that he also

procured Thomas Bellows to sign said note, as surety, and mortgaged his farm to secure the payment of the money mentioned in the certificate—that $2600 have been paid by him, and by means of the certificate—that a conditional judgment has been entered upon the mortgage for $5000, under an agreement by which that was to stand as a nominal judgment, subject to be reduced to the true sum, on report of an auditor—that by mistake, or accident, the agreement is so drawn, that the plaintiff, under the construction given to it by the auditor, cannot obtain any reduction of the amount—and that the defendants hold the farm and the certificate, and refuse to account.

The plea denies that the judgment is a nominal judgment, or that there is any mistake, or accident, in the entry of it, or in the agreement, or that the plaintiff has ever availed himself of the agreement by which it might be reduced, and alleges that it has become absolute and conclusive—that said Thomas Bellows has taken peaceable possession, and held the farm for a year, whereby the right to redeem is foreclosed, and then sets up the judgment and possession in bar of the bill.

This is not sufficient. As to the certificate nothing is said, and the plaintiff may perhaps be entitled to maintain his bill in relation to that, if the mortgage is foreclosed. And, moreover, the plea should not only have contained a full defence to the equity set up in the bill, so far as it professed to bar the plaintiff's claim, but it should have been supported by an answer, verifying the truth of the facts contained in it. It is settled, that when a plaintiff in equity seeks to be relieved from a judgment, or decree, award, or release, &c. by reason of equitable circumstances, charged in the bill, and which will avoid it, and the defendant pleads the judgment, or decree, &c. in bar of the relief, he must not only deny the allegations in the bill upon which it is sought to be impeached, but must accompany his plea with an answer, denying them as specially and particularly as they are

charged. 6 *Ves.* 594, *Bailey* vs. *Adams ; 3 Johns. Ch. Rep.* 391, *Goodrich* vs. *Pendleton ; 4 Johns. Ch. Rep.* 693, *Allen* vs. *Randolph ;* 1 *Vernon* 185, *Price* vs. *Price ;* 3 *Atk.* 303, *Hildyard* vs. *Cressey ; ditto* 815, *Radford* vs. *Wilson.* Or, as the principle is stated in *Bogardus* vs. *Trinity Church,* 4 *Paige's Rep.* 178, 195, "where the complainant states a variety of matters in his bill, which if admitted to be true would be evidence to counterprove the allegations of the plea, it is necessary to negative such matters by general averments in the plea, and to support the plea by an answer as to such matters." The reason seems to be, that the plaintiff is entitled to have a particular discovery, on the oath of the defendant, in relation to such matters, and to have, also, an opportunity to contradict his statement, if untrue, by evidence.

*Bellows*
*vs.*
*Stone & a.*

*Leave to withdraw the replication,*
*and to file an answer.*